# STATE EX REL. W. B. GIBSON v. W. J. JULIUS.[1]

## August 3, 1917.

## No. 20,603.

**Criminal law — hearing before committing magistrate — evidence.**

Evidence of complaining witness was reduced to writing. On the hearing before the magistrate she refused to testify as to the facts, but did testify that the facts contained in the written statement were true. *Held*: That while the evidence might not be sufficient to support a conviction, it warranted the magistrate in finding that a crime had been committed and there was probable cause for holding defendant to the grand jury. [Reporter.]

Upon the relation of W. B. Gibson, the district court for Brown county granted its writ of habeas corpus directed to the sheriff of that county. From an order discharging the writ and remanding the prisoner, Olsen, J., relator appealed. Affirmed.

*Alfred W. Mueller*, for appellant.

*Lyndon A. Smith*, Attorney General, *James E. Markham*, Assistant Attorney General, and *A. Frederickson*, County Attorney, for respondent.

PER CURIAM.

On examination before a justice of the peace upon a charge of carnal know-

[1] Reported in 166 N. W. 226.

ledge of a female child of the age of 17 years, the petitioner was ordered to recognize in the sum of $1,000, for his appearance at the next general term of the district court of Brown county, Minnesota, which convenes the second week in December, and, upon failure so to do, was committed to the county jail where he now is. The testimony of the witnesses was reduced to writing and returned and filed in the district court. On July 6, 1917, the relator was brought before the district court upon a writ of habeas corpus issued by said court for the purpose of being discharged. The court discharged the writ and remanded the relator to jail. Relator appeals from this order.

The sole contention of relator on this appeal is that there was no competent evidence on the hearing before the committing magistrate reasonably tending to show that a crime was committed, or that there was probable cause for believing relator guilty. The complaining witness refused to testify on the hearing to the material facts, but she did testify that the facts contained in a written statement made by her a few days after the crime was committed were true. On the entire record we think that the evidence, though it might not be sufficient to support a conviction, was sufficient to justify the justice in finding that a crime had been committed, and that there was probable cause for holding the defendant to the grand jury.

Order affirmed.